UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAMELA GAIL SHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16CV1612 HEA |
| | ) |
| | ) |
| NANCY A. BERRYHILL[1], | ) |
| Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401-434, 1381-1385. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

## Facts and Background

On April 16, 2015, following a hearing, an ALJ found that Plaintiff was not under a "disability" as defined in the Act during any portion of the period of alleged disability.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

On February 26, 2015, Administrative Law Judge Henry Kramzyk conducted a video hearing from Chicago, Illinois to St. Louis, Missouri.  Plaintiff appeared in St. Louis, Missouri.  Mr. Brian Lee Womer, Vocational Expert also appeared.

Plaintiff resided in Bonne Terre, Missouri at the time of the hearing. Plaintiff is single and has one child. She was 51 years old at the time of the hearing. Plaintiff completed one year of college.

Plaintiff, since 2012, becomes nervous and upset around crowds. She suffers from Posttraumatic Stress Syndrome.  She also has irritable bowel syndrome, Hepatitis B, endometriosis, and psoriasis. Plaintiff also testified she has rheumatoid arthritis and hypothyroidism.  She has anxiety and depression.  Plaintiff has difficulty with leg cramps, pain in her stomach, and loose bowels.  She had been taking PTSD medication for a month before the hearing.

Plaintiff further testified that she can lift 25 pounds, can walk a mile, has to sit for 30 minutes and can stand for 30 minutes.

Plaintiff lives alone. She sweeps, vacuums once in a while, does very little dusting, straightening, and cooking.  She washes the dishes and does her laundry. Plaintiff tends to her own personal hygiene.  She has three dogs.  Plaintiff has a driver's license and drives.

There was testimony from the Vocational Expert. Mr. Womer testified regarding Plaintiff, who had past experience as a furniture salesperson, and consistent with the Dictionary of Occupational titles. Based upon that consideration and the stated hypotheticals of the ALJ, including stated limitations, the Vocational Expert concluded there was work in the national economy available for Plaintiff as a laundry worker, a kitchen helper, and an inspector and hand packager.

The ALJ determined that Plaintiff was not entitled to a finding of disabled. The Appeals Council denied Plaintiff's request for review on August 19, 2016. The decision of the ALJ is now the final decision for review by this court.

## Statement of Issues

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. Here the Plaintiff asserts the specific issue in this case is:  whether the ALJ properly gave no weight to the only examining opinion despite it being consistent with the other examining source observations.

## Standard for Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant

does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id*... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to

other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and

medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them.  The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as:

(1) The claimant's daily activities;

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;

(4) The dosage, effectiveness, and side effects of any medication; and

(5) The claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704

- 7 -

(some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F.3d 687, 697 (the RFC is ultimately a medical question that must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

## ALJ Decision

The ALJ here utilized the five-step analysis as is required. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful

- 8 -

employment since the onset date of May 26, 2012.  The ALJ found at Step Two that Plaintiff had the severe impairments of posttraumatic stress disorder, depression, hyperthyroidism, and substance abuse.

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (404.1520(d), 404.1525, and 404.1526).

As required, prior to Step Four, the ALJ determined that Plaintiff had the residual functional capacity to perform light work, except lift 20 pounds occasionally, and 10 pounds frequently; stand/walk 6 hours; sit 6 hours of 8 hours; never climb ladders, ropes, or scaffolds;  never kneel or crawl;  able to understand, remember and carry out short, simple, repetitive instructions; able to sustain attention/concentration for 2 hour periods at a time and for 8 hours in the workday on short, simple, repetitive instructions; can use judgment in making work decisions related to short, simple, repetitive instruction, only occasional interaction with co-workers and supervision; requires an occupation with set routine and procedures, and few changes during the workday; no interaction with the public; no fast paced production work; can maintain regular attendance and be punctual with customary tolerances; pan perform activities within a schedule; and avoid

- 9 -

concentrated exposure to hazards, such as unprotected heights and dangerous machinery.

At Step Four it was the finding of the ALJ that Plaintiff was not capable of performing any past relevant work.

Step Five the ALJ concluded that Plaintiff was not under a disability from May 26, 2012 through the date of the decision.

## Judicial Review Standard

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). In determining whether substantial evidence supports the Commissioner's decision, the Court considers evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good

reasons and substantial evidence.'" *Id*. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached.  *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).  The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## Discussion

### Did the ALJ Correctly Weigh the Medical Opinions?

Plaintiff asserts the ALJ did not properly weigh the medical opinion of consultative examiner, Dr. Walker.  The ALJ discussed and considered Dr. Walker's opinion, but discounted it as it was inconsistent with itself and with the other expert opinions. An ALJ may discount a medical opinion if it is "inconsistent with ... evidence on the record as a whole," *Dixon v. Barnhart*, 353 F.3d 602,  606 (8th Cir. 2001), even if other factors weigh in favor of crediting the opinion. The

ALJ may also consider whether a claimant's "daily activities belie the ... limitations contained in [the] evaluation." *Anderson v. Astrue*, 696 F.3d 790, 793-94 (8th Cir. 2012).

The ALJ noted that Dr. Walker's opinion observed that Plaintiff was prompt to her appointment and was able to drive herself to the appointment. She also noted that Plaintiff's speech was within normal limits, and her thoughts were generally coherent. Dr. Walker had the impression that Plaintiff's continued lack of treatment was motivated by secondary gains, and that she was not motivated to change her life. However, Dr. Walker also stated that Plaintiff had a marked inability to deal with others and adjust to change.

Plaintiff attempts to explain the ALJ's reasoning for discounting Dr. Walker's opinion. The ALJ noted that Plaintiff did not seek treatment for her conditions until shortly before the hearing. Plaintiff argues that the lack of treatment was the result of inability to pay and no insurance. However, the ALJ recognized Plaintiff's lack of funds, but noted that she failed to produce evidence of any attempt to seek care through indigent resources for years. *See Whitman v. Colvin*, 762 F.3d 701, 706-07 (8th Cir. 2014).

Significantly, Plaintiff contends that the cause of her alleged disability is the result of an automobile accident and the injuries to others that she caused in 2004, but she continued to work from 2004 until 2012 without any debilitating

depression or PTSD.  Indeed, she noted that she was able to get along with others, customers, co-workers and supervisors, during this period.  The cause of her unemployment was not her disability, rather, the company went out of business and she was therefore unemployed.  She collected unemployment for 6 months after her job was eliminated.  During this time, she did not seek medical treatment for her alleged disability.

The medical evidence presented to the ALJ established that Plaintiff was able to make average eye contact and was cooperative.  Nowhere in the evidence is there any indication that Plaintiff's alleged impairments rise to the level of the severity Plaintiff claims.

In conjunction with the medical evidence, the ALJ also considered Plaintiff's daily activities.  She worked for a significant time after the accident and before she lost her job.  She drives, does laundry and cares for herself and her dogs.  In her functional report, Plaintiff stated that she mowed the lawn, gardened, and washed the dishes.  She testified that she vacuums occasionally and sweeps the floor.

Plaintiff faults the ALJ for failing to credit Dr. Walker's opinion based on Dr. Walker's failure to address Plaintiff's substance abuse.  As Defendant correctly observes, the ALJ explained that this was an example of how Dr. Walker's opinion was inconsistent with some of the observations in her own examination report.  Dr.

Walker suspected Plaintiff's claims were perhaps motivated by secondary gain, Dr. Walker assessed marked limitations.

Each of the ALJ's findings and conclusions contain a specific basis for same. The ALJ carefully considered all of the evidence.

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir.2011); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **Affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 30th day of March, 2018.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE